STATE EX REL. ATTORNEY GENERAL *v.* TAYLOR.

4-2875

Opinion delivered November 28, 1932.

*Hal L. Norwood*, Attorney General, and *John H. Caldwell*, Assistant, for appellant.

*Shinn & Henley*, for appellee.

*Daily & Woods, amici curiae.*

SMITH, J. The court below made a finding of fact in which it is recited that, during the year 1930, School District No. 12 of Newton County, known also as Western Grove School District, issued various school warrants. The validity of these warrants is not questioned. Upon presentation for payment to the county treasurer, the warrants were not paid on account of lack of funds in the treasury to the credit of the district. But they were

all registered as provided in §§ 8980 and 8981, Crawford & Moses' Digest, and were so registered during the year 1930. Section 8980 required the county treasurer to keep in his office a well-bound book, in which he shall register, by number and in the order of presentation, all school warrants that may be presented to him for payment. It further provided that "this registration to be made before the warrant is paid, and it shall show the date of the presentation of the warrant, by whom drawn, on what district, and in whose favor, and for what purpose drawn, the amount and date of the warrant, date of payment, and to whom paid; and said book shall at all times be subject to the inspection of any taxpayer." Section 8981 provides that: "The order of any board of directors, properly drawn after the passage of this act, shall be presented to the treasurer of the proper county within sixty days after it was drawn by the said board of directors. All such orders shall be paid in the order of their presentation."

After the issuance and registration of the school warrants here in question, the General Assembly, at its 1931 session, passed several acts to which reference will be made. One of these is act 169 (Acts 1931, page 476), entitled, "An act to provide for the organization and administration of the public common schools." By this act §§ 8980 and 8981, Crawford & Moses' Digest, have been repealed. Other acts passed at the 1931 session are as follows: Act 203 (Acts 1931, page 665), entitled, "An act for the relief of the school teachers of the State." There was passed also act 206 (Acts 1931, page 673), entitled, "An act to make an appropriation of funds for the payment of the salaries of teachers and for other purposes." There was passed also act 207 (Acts 1931, page 674), entitled, "An act for the relief of the school teachers of the State."

These three acts last mentioned, read together, authorized and provided for the creation of a fund to be known as the "State Equalizing Fund," to be loaned by the State Board of Education, as the administrators

of the fund, to the school districts of the State with which to pay the salaries of teachers of such districts. Notes are executed by the districts to cover such loans, the form thereof being approved by the Attorney General. A prerequisite to any loan is the passage of a resolution by the board of directors of the school district requesting the loan. For the payment of such loans, when made, "the full faith and credit of the school district is hereby pledged."

District 12 of Newton County made application for a loan, and its board of directors passed an appropriate resolution, and, pursuant thereto, executed a note on one of the forms prepared by the Attorney General. This note was dated September 7, 1931, and was made payable October 1, 1932, and recited that: "This note is payable from the first moneys coming into the treasury of the Western Grove School District No. 12 from the last settlement with the county tax collector, and allotment of State funds, before the maturity of this note, and the board of directors of said school district has created a special fund in the treasury of the school district for the prompt payment of this note at its maturity, and said fund is irrevocably pledged therefor, as is also the full faith and credit of said school district."

When the county collector made his settlement and paid into the treasury the funds collected for the account of district 12, there was not enough money to pay both the warrants registered for payment in 1930 and the note for the money borrowed from the board of education in 1931, as above stated.

As both the registered warrants and the note cannot be paid by the treasurer with funds now on hand, the question arose, Which should be first paid?

Upon the facts stated, the court below declared the law to be that, "* * * upon the registration of said school warrants the holder and owner had a vested right to have said warrants paid under the provisions of §§ 8980 and 8981 of Crawford & Moses' Digest, which was in effect at the date of the issuance and registration of said warrants."

We concur in this view, for two reasons. The first is that it does not appear that the Legislature of 1931 attempted, either specifically or by implication, to displace the priority of registered school warrants; and for the second reason that such an attempt would be unavailing as impairing the obligation of a contract, contrary to the provisions of both the State and Federal Constitutions.

Legislation should be so construed, if it may be done reasonably, as to render it constitutional, and, with this canon of construction in mind, we are led to the conclusion that the 1931 legislation, *supra,* did not intend to displace rights which had been acquired before its passage. No language in any of the acts mentioned requires that holding. The law as it existed prior to the repeal of §§ 8980 and 8981, Crawford & Moses' Digest, *supra,* advised one about to contract with a school district that he might, after performing his contract and receiving a warrant in payment therefor, register this warrant, and that he would thereafter be entitled to have his warrant paid in the order of its registration. Legislation which postpones this right of payment to that extent impairs the obligation of the contract and is void.

It was held, by the Supreme Court of Washington, in the case of *Eidemiller* v. *City of Tacoma,* 14 Wash. 376, 44 Pac. 877 (to quote a headnote), that: "Where the law provides that a treasurer shall pay warrants in the order of their date and issuance, a statute, enacted after the warrants are issued, providing for the diversion of a fund out of which they are to be paid in such order, so that subsequent orders may be first paid, is invalid, as impairing the obligation of contracts."

The decision in the case of *McCracken* v. *Moody,* 33 Ark. 81, involved the application of the same principal. See also *Tipton* v. *Smythe,* 78 Ark. 392, 94 S. W. 678, 7 L. R. A. (N. S.) 714, 115 Am. St. Rep. 44.

It is not contended by the Attorney General that legislation is valid which impairs the obligation of a contract The contention is that the 1931 legislation does not im-

pair the obligation of a contract. But, if the legislation of 1931 is to be construed as diverting funds which would otherwise have been applied to the payment of registered warrants in the order of their registration, we conclude that the obligation of those contracts would be impaired if the payment of those warrants is to be postponed until other obligations of the district have been paid and which obligations were authorized and incurred after the right of prior payment had become vested under §§ 8980 and 8981, Crawford & Moses' Digest.

The decree of the court below conforms to these views, and it is therefore affirmed.